IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---------------------------------------------------------------- x

THE DEMOCRATIC PARTY OF WISCONSIN;
COLLEEN ROBSON; ALEXIA SABOR; PETER
KLITZKE; DENIS HOSTETTLER, JR.; DENNIS
D. DEGENHARDT; MARCIA STEELE; NANCY
STENCIL; and LINDSAY DORFF,

                               *Plaintiffs*,

                     v.

ROBIN VOS, in his official capacity as speaker of the
Wisconsin State Assembly; SCOTT L.
FITZGERALD, in his official capacity as majority
leader of the Wisconsin State Senate; ALBERTA
DARLING, in her official capacity as co-chair of the
Wisconsin Joint Committee on Finance; JOHN
NYGREN, in his official capacity as co-chair of the
Wisconsin Joint Committee on Finance; ROGER
ROTH, in his official capacity as President of the
Wisconsin State Senate; JOAN BALLWEG, in her
official capacity as co-chair of the Wisconsin Joint
Committee for Review of Administrative Rules;
STEPHEN L. NASS, in his official capacity as co-
chair of the Wisconsin Joint Committee for Review
of Administrative Rules; JOEL BRENNAN, in his
official capacity as Secretary of the Wisconsin
Department of Administration; TONY EVERS, in his
official capacity as Governor of the State of
Wisconsin; and JOSHUA L. KAUL, in his official
capacity as Attorney General of the State of
Wisconsin,

                               *Defendants*.

Civil Action No. 3:19-CV-00142-jdp

---------------------------------------------------------------- X

## MOTION TO STAY DISCOVERY

In its April 12, 2019 order cancelling the April 26 hearing on Plaintiffs' Motion for a Preliminary Injunction and Legislative Defendants' Motion to Dismiss, this Court explained that "the parties' disputes are legal not factual," rendering any "evidentiary hearing" unnecessary. Dkt. 49. Legislative Defendants agree with that understanding and believe that this case can—and,

under binding precedent, *must*—be decided on purely "legal" grounds. Those legal issues are fully briefed and ripe for decision. Consistent with this Court's April 12 order, well-established practice, and principles of conserving judicial and public resources, Legislative Defendants respectfully move for an order staying discovery, including the pretrial conference scheduled for June 4 and obligations under Rules 16 and 26 of the Federal Rule of Civil Procedure. *See* FED. R. CIV. P. 26(c), (d). Counsel for Plaintiffs and counsel for Defendants Brennan, Evers, and Kaul have indicated that their clients oppose this motion.

**Background**

In their Complaint, Motion for Preliminary Injunction, and supporting papers, Plaintiffs allege violations of the Guarantee Clause, the First Amendment, and the Equal Protection Clause, because of the subjective intent that legislators allegedly had for enacting certain laws in December 2018, while submitting declarations that speculated as to legislative intent. *See* Dkts. 1–11, 37. Legislative Defendants filed a Motion to Dismiss and responded to Plaintiffs' Motion for Preliminary Injunction, arguing that Plaintiffs lacked standing, that their claims are legally foreclosed, and that evidence of subjective legislative motives is inadmissible as irrelevant here. Dkts. 34, 35, 40. In its April 12, 2019 order, this Court cancelled the April 26 hearing, concluding that "the parties' disputes are legal not factual, so an evidentiary hearing isn't necessary." Dkt. 49. On April 30, 2019, this Court scheduled a pretrial conference, to take place on June 4, 2019. With that June 4 date approaching, Legislative Defendants have reasonably sought agreement from the other parties to stay discovery, but the other parties refused to agree.

**Argument**

"[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the [c]omplaint is pending." *Sibley v. U.S.*

*Supreme Court*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011) (citation omitted); *accord In re Sulfuric Acid Antitrust Litig*, 231 F.R.D. 331, 336–37 (N.D. Ill. 2005); *see also* FED. R. CIV. P. 26(c), (d); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting the power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983). A stay is thus typically appropriate when the "defendant files a motion to dismiss for failure to state a claim instead of filing an answer [because] that defendant is arguing that the case does not have merit, and that the court should dismiss it before the parties spend more time and expense working on it." *Slottke v. Wis. Dep't of Indus., Labor & Human Relations*, No. 16-cv-1392-pp, 2017 WL 168901, at *1 (E.D. Wis. Jan. 17, 2017). Consistent with these principles, "[n]umerous cases in [the Seventh Circuit] have allowed stays in the face of a Rule 12(b)(6) challenge." *Sulfuric Acid Antitrust Litig*, 231 F.R.D. at 336 & n.6 (collecting many cases). The justification for such a stay applies with especial force where the defendant raises potentially meritorious objections as to "jurisdictional matters." *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988).

Applying these principles here calls for a stay of discovery, including cancellation of the pretrial conference and obligations under Rules 16 and 26, so that the parties need not "spend more time and expense working on" this lawsuit, until definitive resolution of Legislative Defendants' arguments that this case must be dismissed. *Slottke*, 2017 WL 168901, at *1. As Legislative Defendants have explained, this lawsuit must be dismissed on multiple independently sufficient grounds. Dkts. 35, 40. These arguments for dismissal involve multiple "jurisdictional matters," *U.S. Catholic Conf.*, 487 U.S. at 79–80, including standing and the political question doctrine.

Staying all discovery-related proceedings is particularly appropriate in light of the parties' fundamental disagreement as to the "facts" relevant to this case. As noted above and developed in the parties' extant briefing, the primary facts that Plaintiffs appear to believe are material are the "actual," subjective motives of legislators for enacting legislation in December 2018. Dkt. 37 at 1, 30. Legislative Defendants, on the other hand, have argued that such an "actual" motives inquiry is foreclosed for purposes of the types of claims that Plaintiffs seek to assert, under *Hearne v. Board of Education of City of Chicago*, 185 F.3d 770 (7th Cir. 1999), *Wisconsin Education Association Council v. Walker*, 705 F.3d 640 (7th Cir. 2013), and *Frank v. Walker*, 768 F.3d 744 (7th Cir. 2014), and that any evidence that any party could submit as to subjective legislative motives would be inadmissible under *Fraternal Order of Police Hobart Lodge No. 121, Inc. v. City of Hobart*, 864 F.2d 551 (7th Cir. 1988). Given the nature of Plaintiffs' focus, it appears that discovery disputes would be largely trained on these questions of subjective legislative motive, an extremely sensitive matter that is only relevant in a "very limited and well-defined class of cases," *City of Columbia v. Omni Outdoor Advert., Inc.*, 499 U.S. 365, 377 n.6 (1991) (citation omitted). Before moving down the road to discovery disputes relating to such matters, there should be a definitive resolution of the "legal not factual" issues, Dkt. No. 49, that the parties have briefed.

Nor would Plaintiffs suffer any prejudice from a stay of discovery, given the threshold "legal not factual" issues that are yet to be decided. *Id.* While Plaintiffs have projected confidence as to the legal merits of their claims, Plaintiffs have yet to point to a single decision, from any court, granting relief on any theory like the claims that they have brought. Indeed, *Plaintiffs have not even identified the elements of their claims, or what facts would be relevant to those elements beyond subjective legislative intent*, which would help shape any sensible discovery period. The parties, including Plaintiffs themselves, would thus benefit from having a definitive resolution of

4

the legal issues that the parties have already briefed *before* the parties are put to the time and expense of taking part in discovery-related proceedings and obligations.

Finally, while courts generally do not apply the test for staying an entire case to a motion merely to stay discovery, the same result would be obtained under that test. This case is at an "early stage"; no "undu[e] prejudice or tactical[] disadvantage" would result from following the common practice of deciding the potentially dispositive motion to dismiss before requiring the parties to take part in discovery; a stay "will simplify the issues in question" by giving the parties guidance about what facts, if any, are material to resolving this case; and a stay of discovery would reduce the burdens of litigation, especially if Legislative Defendants prevail on their motion to dismiss. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010).

| | |
|---|---|
| Dated: May 21, 2019 | **TROUTMAN SANDERS LLP**<br>By: /s/ Misha Tseytlin<br>Misha Tseytlin<br>State Bar No. 1102199<br>TROUTMAN SANDERS LLP<br>1 N. Wacker Drive, Ste. 2905<br>Chicago, IL 60606<br>Telephone: (608) 999-1240<br>Facsimile: (312) 759-1939<br>E-mail: misha.tseytlin@troutman.com<br>*Counsel for Legislative Defendants* |