IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE DEMOCRATIC PARTY OF WISCONSIN, *et al.*,

                                              Plaintiffs,

v.

ROBIN VOS, in his official capacity as speaker
of the Wisconsin State Assembly, *et al.*,

                                            Defendants.

ORDER

19-cv-142-jdp

---

Some of the defendants have filed a motion to stay discovery and cancel the preliminary pretrial conference (dkt. 54), which plaintiffs oppose (dkt. 55). Consistent with its recent relaxation of its longstanding scheduling policies, the court is granting the motion in part.

On February 21, 2019, plaintiffs filed the instant lawsuit, along with a motion for a preliminary injunction and supporting documents. *See* dkts. 1-11, 14, 15 and 18. Between February 26-28, the defendants appeared by various counsel, sorting themselves along political party lines. *See* dkts. 21(the Vos defendants) and 25-28 (the Evers defendants). On March 14, 2019, the Vos defendants filed a motion to dismiss in conjunction with their opposition to plaintiffs' PI motion. *See* dkts. 34-36. On April 12, 2019, the court announced that it would decide the pending motions on the briefs and requested some additional input, *see* dkt. 49, which the parties provided on April 26, 2019. On April 30, 2019, the court set a telephonic preliminary pretrial conference for June 4, 2019.

On May 21, 2019, the Vos defendants moved to stay discovery and cancel the pretrial conference, asking the court to decide their dismissal motion before requiring the parties to take any further action. *See* dkt. 54. Plaintiffs responded on May 24, 2019, pointing out that this court historically has denied such requests. That used to be true; it's not true anymore. Starting about a year ago, the court began granting cabined discovery stays in cases where the defendant has filed

a dismissal motion before the court set the schedule at the preliminary pretrial conference.  In this situation, the court accounts for the length of the stay when setting the schedule so that the plaintiff is not prejudiced by having to tread water for two or three months, and so that the case  does not lose its place in line for trial.  That's what we are going to do here.

Due to his workload, Judge Peterson is not likely to rule on the pending motions in the near future, but it's realistic to predict that an order will issue by the end of August.  Therefore, discovery is stayed until the court rules on the pending motions or until August 30, 2019, whichever comes first.

As a result of this stay, the court is going to set a trial date on the earliest date a year out that works for both sides.  These trial dates work for the court, all in 2020: August 31, September 8 (Tuesday), September 21, September 28, October 5 and October 13, 2019.  Not later than June 6, 2019, the parties are to report the earliest jointly available date from this list, and that will be the trial date.  If they can't agree, then we will get on the telephone and the court will pick the date after hearing from both sides.  The court will set the rest of the dates leading toward trial if necessary after it rules on the pending motions.  The June 4, 2019 telephonic preliminary pretrial conference is canceled as unnecessary.

Entered this 29th day of May, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2